Opinion issued June 4, 2009
















In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00308-CV

____________


CITY OF INKSTER POLICEMAN AND FIREMAN RETIREMENT
SYSTEM, DERIVATIVELY ON BEHALF OF KINDER MORGAN, INC.,
Appellants


V.


RICHARD D. KINDER, MICHAEL C. MORGAN, WILLIAM V. MORGAN,
FAYEZ SAROFIM, EDWARD H. AUSTIN, JR., WILLIAM J. HYBL, TED
A. GARDNER, CHARLES W. BATTEY, H.A. TRUE, III, JAMES M.
STANFORD, STEWART A. BLISS, EDWARD RANDALL, III, DOUGLAS
W.G. WHITEHEAD, GOLDMAN SACHS CAPITAL PARTNERS,
AMERICAN INTERNATIONAL GROUP, INC., THE CARLYLE GROUP,
RIVERSTONE HOLDINGS LLC, C. PARK SHAPER, STEVEN J. KEAN,
SCOTT E. PARKER, R. TIM BRADLEY, AND NOMINAL DEFENDANT
KINDER MORGAN, INC., A KANSAS CORPORATION, Appellees






On Appeal from the 270th District Court

Harris County, Texas

Trial Court Cause No. 2006-52653






MEMORANDUM OPINION

 Appellants, City of Inkster Policeman and Fireman Retirement System,
derivately on behalf of Kinder Morgan, Inc. (hereinafter "the City"), appeal from a
summary judgment in favor of appellees, Richard D. Kinder, Michael C. Morgan,
William V. Morgan, Fayez Sarofim, Edward H. Austin, Jr., William J. Hybl, Ted A.
Gardner, Charles W. Battey, H.A. True, III, James M. Stanford, Stewart A. Bliss,
Edward Randall, III, Douglas W.G. Whitehead, Goldman Sachs Capital Partners,
American International Group, Inc., The Carlyle Group, Riverstone Holdings LLC, C.
Park Shaper, Steven J. Kean, Scott E. Parker, R. Tim Bradley, and nominal defendant
Kinder Morgan, Inc., a Kansas corporation. In its sole issue, the City asserts the trial
court abused its discretion by granting appellees' motion for summary judgment
without granting the City a continuance to conduct "targeted discovery on the issue
of standing." We conclude the appeal was timely filed and the trial court did not err
by granting summary judgment without granting the City's motion for continuance. 
We affirm the judgment of the trial court.


Background

 When the City initiated this lawsuit, it was a stockholder in KMI, a Kansas
corporation with its corporate headquarters located in Houston, Texas. KMI, now
known as Knight Inc., is a large mid-stream energy transportation and storage
company.

 On May 28, 2006, a buyout group delivered a letter to KMI's board of directors
containing an offer to purchase all of KMI's common stock at $100 per share. The
buyout group included certain Goldman Sach-afilliated funds; affiliates of American
International Group, Inc.; funds managed by AIG Global Investment Group, Carlyle
Partners IV, L.P. and Carlyle/Riverstone Global Energy and Power Fund III, L.P.;
Kinder; Michael and William Morgan; and Sarofim. KMI established a special
committee to consider the offer, negotiate with the buyout group, and communicate
with potential third-party acquirers. The special committee negotiated the merger
consideration to $107.50 per share.

 On August 24, 2006, the City initiated its derivative suit, asserting that each
appellee was "directly violating or aiding and abetting the other defendants' violations
of the fiduciary duties owed to KMI by directing the sale" of KMI at $100 per share,
a "grossly inadequate consideration" from which the City asserted appellees would
unfairly gain. Four days later, the special committee unanimously voted to
recommend that KMI accept the offer at a negotiated price of $107.50 per share. The
nine members of KMI's board of directors who were not members of the buyout group
also voted to approve the offer. KMI shareholders approved the merger on December
19, 2006. The merger closed on May 30, 2007, when Knight Acquisition merged into
KMI. All outstanding KMI shares automatically cancelled and were converted into
the right to receive $107.50 per share. On June 14, 2007, KMI's name was officially
changed to Knight Inc.

 On November 20, 2007, appellees filed "Defendant's Joint Motion to Dismiss
for Lack of Jurisdiction, or in the Alternative, Motion for Final Summary Judgment."
The motion asserted that the City lost standing when it lost its shareholder status on
May 30, 2007. In its opposition to the motion, the City requested a continuance to
"conduct tailored discovery necessary to properly oppose" the motion. After a
hearing, the trial court granted summary judgment without stating the basis for its
ruling. 

 The trial court rendered final judgment in favor of appellees on February 21,
2008. On February 26, 2008, the City received notice of the judgment in a postcard,
which referred to the ruling as "partial dismissal." The clerk circulated a revised
notice on March 27, 2008, noting that the February 21 ruling was a not a partial
dismissal but a final judgment. The City received the revised notice on March 31,
2008. The City then filed its Motion to Extend Post-Judgment Deadlines, asserting
that it did not receive actual notice of the final judgment until March 31, 2008. The
trial court granted the City's motion.Motion for Continuance

 In its sole issue, the City contends the trial court abused its discretion by
granting appellees' motion for summary judgment without granting the City a
continuance to conduct "targeted discovery on the issue of standing." 

 A. Law

 We apply Texas procedural law in addressing the issue raised in this appeal. 
Nexen Inc. v. Gulf Interstate Eng'g Co., 224 S.W.3d 412, 417 (Tex. App.--Houston
[1st Dist.] 2006, no pet.). Because this lawsuit concerns a Kansas corporation, the
parties agree that Kansas substantive law controls. 

 1. Procedural Law

 The trial court may order a continuance of a summary judgment hearing if it
appears "from the affidavits of a party opposing the motion that he cannot for reasons
stated present by affidavit facts essential to justify his opposition." Tex. R. Civ. P.
166a(g). We review the grant or denial of a motion for continuance for an abuse of
discretion. BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 800 (Tex. 2002).
"We have considered the following nonexclusive factors when deciding whether a trial
court abused its discretion in denying a motion for continuance seeking additional
time to conduct discovery: the length of time the case has been on file, the materiality
and purpose of the discovery sought, and whether the party seeking the continuance
has exercised due diligence to obtain the discovery sought." Joe v. Two Thirty Nine
Joint Venture, 145 S.W.3d 150, 161 (Tex. 2004).

 2. Substantive Law

 Kansas courts often look to Delaware law on substantive corporate law issues. 
See Arnaud v. Stockgrowers State Bank, 992 P.2d 216, 218 (Kan. 1999). Under
Delaware law, "[a] plaintiff who ceases to be a shareholder, whether by reason of a
merger or for any other reason, loses standing to continue a derivative suit." Lewis v.
Anderson, 477 A.2d 1040, 1049 (Del. 1988). "[A] derivative shareholder must not
only be a stockholder at the time of the alleged wrong and at the time of
commencement of suit but . . . he must also maintain shareholder status throughout the
litigation." Id. at 1046; see also Elloway v. Pate, 238 S.W.3d 882, 900 (Tex.
App.--Houston [14th Dist.] 2007, no pet.) (acknowledging same). However, a merger
does not terminate a derivative shareholder's standing if the shareholder can
demonstrate that the merger is a fraud "being perpetrated merely to deprive
shareholders of the standing to bring a derivative action." Kramer v. W. Pac. Indus.,
Inc., 546 A.2d 348, 354 (Del. 1988); see also Lewis v. Ward, 852 A.2d 896, 905 (Del.
2004) ("[A] complaint seeking to invoke the fraud exception must demonstrate that
the merger was fraudulent and done merely to eliminate derivative claims."). This is
known as the "fraud exception." See Ward, 852 A.2d at 904-05.

 B. Analysis

 In this case, the City filed its petition 18 months prior to the trial court's
rendering final judgment, so the City had 18 months during which to conduct
discovery. The City asserts that it was diligent in attempting to obtain discovery on
the issue of standing because "[u]ntil Appellees actually filed the Summary Judgment
Motion, [the City] was not in a position to analyze the purported reasons for the
merger and craft the narrow discovery necessary to fully explore KMI's Special
Committee's reasons for approving the merger." However, the City was in a position
to foresee the need for this "targeted discovery" because the City filed this derivative
suit in response to the proposed merger, and the City knew it would no longer have
standing once the merger took place.

 More importantly, the discovery sought by the City was immaterial to the City's
response to appellees' summary judgment motion. In its brief, the City asserts that it
"should have been allowed to conduct targeted discovery to determine whether the
Merger was consummated for fraudulent or other improper purposes (thereby
preserving [the City's] standing)." However, the fraud exception applies to preserve
standing only when the merger was consummated for the purpose of depriving the
shareholder of standing to pursue a pre-existing derivative claim. See Anderson, 477
A.2d at 1046 n.10 ("Plaintiff has not asserted that the merger was perpetrated to
deprive Old Conoco of its claims against the individual defendants . . . ."). The merger
itself must be the subject of a claim of fraud. See Ward, 852 A.2d at 902. In this case,
the merger could not have been consummated for the purpose of destroying the City's
standing to bring its derivative suit because the merger proposition pre-existed the suit
and was in fact the subject of the suit. The merger was never the subject of a claim of
fraud. Therefore, the discovery sought by the City was immaterial to the motion for
summary judgment.

 We hold that the trial court did not abuse its discretion by denying the City's
request for a continuance to conduct additional discovery. We overrule the sole issue
on appeal. 







Conclusion

 We affirm the judgment of the trial court. 

 


 Elsa Alcala

 Justice

Panel consists of Justices Jennings, Alcala, and Higley.